**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| EPSON AMERICA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| A V TOY STORE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of Defendant AV Toy Store, Inc.'s ("AV Toy Store") misconduct and alleges as follows:

**NATURE OF THIS ACTION**

1. Epson seeks preliminary and permanent injunctive relief and monetary damages for Defendant's false advertising and unfair competition, under the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair and deceptive business practices under Florida law, arising from Defendant's false advertisement of Epson products through its own website, as well as via online commerce sites including but not limited to www.avtoystores.com, Amazon.com, Walmart.com, and Newegg.com.

2. In short, AV Toy Store advertises and sells various Epson products on the Internet. AV Toy Store advertises that the Epson products it sells are "new."

3. The Epson products that AV Toy Store advertises and sells are <u>not</u> new, in fact, but are used products that have been refurbished.

4.     Consumers who purchase Epson products from AV Toy Store expect that the products they are buying are "new," and are confused and disappointed when the products they receive are instead refurbished.

5.     Accordingly, Epson alone suffers the reputational harm accompanied by AV Toy Store's infringing conduct.

6.     Epson is also injured by AV Toy Store's misconduct due to the significant lost sales it suffers as a direct and proximate result thereof.

7.     AV Toy Store's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

8.     As a result of AV Toy Store's actions, Epson is suffering a loss of the enormous goodwill that it has created and is losing profits from lost product sales.  This lawsuit seeks preliminary and permanent injunctive relief and damages for AV Toy Store's false advertising, unfair competition, and unfair and deceptive business practices.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

10.    This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

11.    This Court has personal jurisdiction over Defendant AV Toy Store, which has its principal place of business within this District.  AV Toy Store also sells products within the United States, the State of Florida, and this District; misrepresents the nature of products it sells

to residents of the United States, the State of Florida, and this District; has caused injury to Epson in the United States, the State of Florida, and this District; practices the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; regularly conducts or solicits business within the United States, the State of Florida, and this District; and regularly and systematically directs electronic activity into the United States, the State of Florida, and this District with the manifest intent of engaging in business within the United States, the State of Florida, and this District, including the sale and/or offer for sale of purportedly "new" Epson products to Internet users within the United States, the State of Florida, and this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the sole Defendant, AV Toy Store, resides in this District, and because some of AV Toy Store's wrongful acts described herein occurred in this District.

## PARTIES

13. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

14. Defendant AV Toy Store, Inc. is a Florida corporation with its principal place of business located at 4611 South University Drive, Davie, FL 33328. AV Toy Store advertises and sells various consumer electronics products through its own website, www.avtoystores.com, Amazon.com (seller account "AV Toy Store"), Walmart.com (seller account "AV Toy Store"), and Newegg.com (seller account "AV Toy Store") (collectively, the "Websites").

## **FACTS GIVING RISE TO THIS ACTION**

15. This action seeks redress for AV Toy Store's deliberate and unlawful false advertising, unfair competition, and unfair and deceptive practices regarding the Epson products that it advertises and sells via the Websites.

**A. Epson Manufactures High-Quality Products and Achieves High Customer Satisfaction Ratings**

16. Epson is recognized throughout the world and the United States as a leading manufacturer of consumer and business electronics products.

17. As a market leader, Epson continues to set standards for image quality, performance, and innovation with its ever-evolving product line. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

18. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available to ensure accurate product descriptions and specifications.

19. Epson's customer service and support is industry-leading. For example, Epson offers its projectors with a two-year standard limited warranty, including Epson's Road Service, which provides a replacement projector with next day delivery and free shipping.

20. Epson also sells refurbished Epson products at prices below those for new Epson products. Products refurbished by Epson carry a full Epson warranty.

21. Epson sells refurbished products via its website, https://epson.com/estore-clearance-center (the "Epson E-Store") and via retail marketplaces such as, but not limited to, Amazon.com.

22. The Epson E-Store and Epson's retail locations properly advertise the condition of the Epson products being sold.

B. **AV Toy Store's False Advertising of Epson Products**

23. AV Toy Store is a direct competitor of Epson in the consumer electronics product market. AV Toy Store has advertised and sold, and is currently advertising and selling Epson products on the Websites (the "Epson Products").

24. AV Toy Store advertises that the Epson Products it sells are in "new" condition.

25. In fact, the Epson Products AV Toy Store advertises and sells are not "new," but are rather used and/or refurbished.

26. Epson has completed a test buy of Epson Products advertised and sold by AV Toy Store, which confirmed that AV Toy Store is selling refurbished products.

27. AV Toy Store advertises the following Epson projector on Amazon.com:



28. Consumers who purchase this product do not receive a new Epson Pro EX9210 Projector. Instead, they receive a refurbished Epson Pro EX9210 Projector.

5

29. On or about February 4, 2020, Epson purchased the above Epson Pro EX9210 Projector from Amazon Seller "AV Toy Store."

30. The product was shipped from AV Toy Store, 4611 South University Drive, Davie, FL 33328.

31. The product that Epson received bore an Epson serial number. Epson traced this serial number, which indicated that the same was a refurbished product rather than a new product as advertised. A visual inspection of the product received confirmed that it was a refurbished product.

32. Indeed, consumer reviews on Amazon.com confirm that it is AV Toy Store's usual business practice to sell refurbished products as "new:"





33.   In fact, AV Toy Store's Newegg.com Seller Account was **deactiviated**:[1]



---

[1] As for AV Toy Store's Amazon store, it is clear that AV Toy Store has padded its customer reviews with false positive ratings in order to artificially inflate its overall ratings.  *See* ratings by "vinabata," "Kindle Customer," and "Kemper Kinder."

7

34.     Indeed, Three (3) of the eight (8) reviews left on AV Toy Store's Newegg.com Seller Account indicate that it sold refurbished products as "new":





8

C. **Impact on Consumers and Epson**

35. Consumers expect that the Epson Products they purchase from AV Toy Store will be "new" products as advertised. Instead, they received refurbished Epson Products.

36. Purchasers of Epson Products from AV Toy Store are likely to be, and have actually been, misled and deceived by AV Toy Store's literally false product listings and advertisements.

37. Consumers expect AV Toy Store's advertisements for the Epson Products it sells to be accurate, and base their purchasing decisions in large part on those representations. That is, consumers pay a relatively higher price for an Epson Product purchased from AV Toy Store because they want to purchase a new product, not a refurbished product.

38. Consumers who purchase Epson products from AV Toy Store believing them to be "new" are misled and confused when they instead receive refurbished products.

39. After having a poor experience with a refurbished Epson Product purchased from AV Toy Store (which the consumer reasonably believed was new), the consumer is less likely to purchase another "new" Epson Product in the future.

40. Consumers who purchase Epson Products from AV Toy Store believing them to be new, and not knowing that they are actually refurbished, blame Epson for the confusion as to the condition of the product.

41. AV Toy Store's literally false and misleading advertising is damaging to Epson's reputation and goodwill, and is damaging to the consuming public.

42. By advertising the refurbished Epson Products it sells as "new," AV Toy Store is intentionally attempting to entice consumers to purchase Epson Products from AV Toy Store instead of purchasing new products from Epson.

43. The natural, probable, and foreseeable result of AV Toy Store's wrongful conduct has been to cause confusion, deception, and mistake in the market, to deprive Epson of business and to tarnish its goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson Products.

44. Therefore, AV Toy Store's continued false advertisement of Epson Products has harmed and continues to harm Epson, its consumers, and Epson's relationship with consumers.

45. Epson contacted AV Toy Store on May 1, 2020 regarding its sale of refurbished Epson Products as "new."

46. Therefore, AV Toy Store is aware that its sale of refurbished Epson Products as "new" constitutes false advertising and unfair competition under federal and state law.

47. Despite being warned by Epson, AV Toy Store has continued to offer for sale and sell refurbished Epson Products as "new."

48. AV Toy Store's false advertisement of Epson Products to consumers results in actual and irreparable harm to Epson and consumers.

49. AV Toy Store's actions substantially harm Epson and its consumers, who ultimately purchase Epson Products from AV Toy Store reasonably believing them to be new, genuine, quality Epson products.

50. As a result of AV Toy Store's actions, Epson is suffering a loss of the enormous goodwill it has created with the Epson Marks. Epson is also suffering ongoing actual damages in the form of lost sales.

51. AV Toy Store is likely to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, causing Epson and consumers irreparable harm.

## **COUNT I**
## **False Advertising / Unfair Competition - 15 U.S.C. § 1125(a)**

52. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. AV Toy Store has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain literally false or misleading statements of fact regarding the Epson Products sold by it. These advertisements contain actual misstatements and/or misleading statements, including that the Epson Products AV Toy Store sells are "new" when, in fact, they are used and/or refurbished.

54. These literally false statements actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

55. AV Toy Store's false and misleading advertising statements injure both consumers and Epson.

56. AV Toy Store's false and misleading advertising statements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

57. AV Toy Store, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining AV Toy Store, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all AV Toy Store's false advertisements from the Internet, including but not limited to: www.avtoystores.com, Amazon.com, Walmart.com, and Newegg.com.

58. As a direct result of AV Toy Store's unfair and deceptive trade practices, customers seeking new Epson Products did not purchase them from Epson (or its authorized dealers) and instead unknowingly purchased refurbished product from AV Toy Store. Therefore, the demand for Epson Products created by Epson was not fulfilled by the purchase of a new Epson Product. This results in lost revenue and actual damages to Epson.

59. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from AV Toy Store the damages sustained by Epson as a result of AV Toy Store's acts in violation of Section 43 of the Lanham Act.

60. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from AV Toy Store the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages AV Toy Store has obtained by reason of its unlawful acts.

61. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that AV Toy Store's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II
### Violation of FDUTPA - Fla. Stat. §§ 501.201-.213

62. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. AV Toy Store's past and continued false advertising and intent to deceive and defraud the public into believing that the Epson Products it sells are "new," when in fact they are used and refurbished, constitutes an unfair and deceptive act or practice in the conduct of trade or commerce in violation of FDUTPA.

64. AV Toy Store's advertisement of the Epson Products it sells as "new" is likely to (and actually does) deceive consumers.

65. AV Toy Store's false advertisement and sale of refurbished Epson Products as "new" has proximately caused Epson to suffer actual damages in lost sales, and has also proximately caused Epson to suffer harm to its goodwill and reputation, because consumers who purchase Epson Products from AV Toy Store believing them to be "new" are disappointed with *Epson* when the product purchased does not meet their expectations.

66. As a direct result of AV Toy Store's unfair and deceptive trade practices, customers seeking new Epson Products did not purchase them from Epson (or its authorized dealers) and instead unknowingly purchased refurbished product from AV Toy Store. Therefore, the demand for Epson Products created by Epson was not fulfilled by the purchase of a new Epson Product. This results in lost revenue and actual damages to Epson.

67. As a direct result of AV Toy Store's unfair and deceptive trade practices, Epson has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

## COUNT III
**Preliminary and Permanent Injunction**

68. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

69. AV Toy Store's actions set forth above have caused and threaten to cause Epson irreparable harm for which there is no adequate remedy at law.

70. Epson has no adequate remedy at law because monetary damages are incapable of protecting Epson from AV Toy Store's continuing and future false advertising, unfair competition, and other violations of law.

71. Unless enjoined by this Court, Epson will be irreparably harmed by AV Toy Store's actions.

72. Epson has a substantial likelihood of success on the merits of its claims.

73. The balance of equities favors Epson, which will continue to experience lost sales and significant harm to its goodwill due to AV Toy Store's actions in the absence of injunctive relief. The potential harm to AV Toy Store in the event this injunction is granted is nonexistent as it would merely be prevented from profiting from its current and future false advertising, unfair competition, and other violations of law.

74. The public interest is served in issuing injunctive relief because enjoining AV Toy Store from falsely advertising and selling refurbished Epson Products as "new" will protect consumers and ensure that they are not deceived into purchasing a used product when they are expecting to receive a new product.

**WHEREFORE**, Plaintiff Epson America, Inc., prays for judgment in its favor and against Defendant AV Toy Store, Inc. providing the following relief:

1. For temporary, preliminary, and permanent injunctive relief prohibiting AV Toy Store, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of AV Toy Store, from:
   a. engaging in any false or misleading advertising with respect to Epson's products, which relief includes but is not limited to removal of all of AV Toy Store's listings for Epson Products from the Internet, including but not limited to: www.avtoystores.com, Amazon.com, Walmart.com, and Newegg.com;
   b. Advertising, selling, or taking any steps to sell, any Epson Products;
   c. Engaging in any activity constituting unfair competition with Epson; and

    d. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2. For an order requiring AV Toy Store to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Epson Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from AV Toy Store's false advertising;

3. Adjudge AV Toy Store to have violated 15 U.S.C. § 1125(a) and Fla. Stats. §§ 5101.201-.213 (FDUTPA) by unfairly competing against Epson by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the Epson Products sold by it;

4. Award Epson its damages suffered as a result of AV Toy Store's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

5. Award Epson its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Fla. Stats. §§ 5101.201-.213;

6. Award Epson pre-judgment and post-judgment interest in the maximum amount allowed under the law;

7. Award Epson the costs incurred in bringing this action; and

8. Grant Epson such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Epson hereby requests a trial by jury on all causes of action so triable.

| | |
|---|---|
| Miami, Florida<br>Dated:  November 13, 2020 | */s/ Jonathan B. Morton*<br>**Jonathan B. Morton**<br>Florida Bar No. 956872<br>jonathan.morton@klgates.com<br>**K&L GATES LLP**<br>200 South Biscayne Blvd.<br>Miami, FL 33131<br>Telephone: 305.539.3300<br>Facsimile: 305.358.7095<br><br>**Morgan T. Nickerson**<br>morgan.nickerson@klgates.com<br>**Emily E. Gianetta**<br>E-Mail:  emily.gianetta@klgates.com<br>**K&L GATES LLP**<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>Telephone:  617.261.3100<br>Facsimile:  617.261.3175<br><br>*To Be Admitted Pro Hac Vice*<br><br>ATTORNEYS FOR PLAINTIFF EPSON AMERICA, INC. |